IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ROBERT FIELDS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 3:14CV661–HEH |
| | ) |
| HENRY PONTON, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION
(Dismissing Successive Habeas Petition)

By Memorandum Opinion and Order entered on September 15, 2009, the Court dismissed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 by Robert Fields, which challenged his 2005 state conviction for murder. *See Fields v. Vaughn*, No. 3:08cv844, 2009 WL 2959754, at *1, *9 (E.D. Va. Sept. 15, 2009). Fields has submitted a "Motion to Vacate Void Judgement," which essentially constitutes a successive, unauthorized § 2254 petition. *See Savage v. Virginia*, 146 F. App'x 640, 640–41 (4th Cir. 2005).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant

shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This Court has not received authorization from the United States Court of Appeals for the Fourth Circuit to entertain Field's successive § 2254 Petition. Accordingly, the action will be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(a). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Fields fails to meet this standard. Accordingly, the Court will deny a certificate of appealability.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Nov. 6, 2014
Richmond, Virginia

2